1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOR HILL, | Case No. 1:13-cv-01618-AWI-SKO (PC) |
| Plaintiff, | ORDER STRIKING FIRST MOTION FOR EXTENSION OF TIME |
| v. | (Doc. 17) |
| JAMES A. YATES, et al., | |
| Defendants. | ORDER GRANTING SECOND MOTION FOR NINETY-DAY EXTENSION OF TIME TO AMEND |
| | (Doc. 19) |
| _____/ | |

Plaintiff Damor Hill, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2013.  On May 9, 2014, the Court dismissed Plaintiff's complaint, with leave to amend within thirty days; and on May 30, 2014, the Court granted Plaintiff a thirty-day extension of time to amend.  28 U.S.C. § 1915A; Fed. R. Civ. P. 6(b)(1)(A).

On June 6, 2014, Benjamin Pavone, Esquire, filed a motion seeking a thirty-day extension of time to amend on Plaintiff's behalf.  In as much as Mr. Pavone was not representing Plaintiff, the motion for an extension of time shall be stricken from the record.  Fed. R. Civ. P. 11(a); Local Rule 131(b).

On June 27, 2014, Mr. Pavone filed a notice of substitution of attorney and a motion seeking: (1) a ninety-day extension of time to allow Plaintiff to complete exhaustion of the

administrative remedy process so that he may be named as a plaintiff in one of counsel's pending multi-plaintiff cases litigating the same issues;[1] (2) a finding that Plaintiff is entitled to equitable tolling of the four year statute of limitations;[2] or (3) a thirty-day extension of time to determine the next appropriate step to take if the neither the first nor the second form of relief is granted.

The statute of limitations is an affirmative defense which may be raised by the defendants, *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 812-13 (9th Cir. 2011) (motion for summary judgment); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (motion to dismiss), and equitable tolling of the statute during administrative exhaustion is an issue which may be raised in response by the plaintiff, *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 102-03 (Cal. 2008).  This case, however, is still in the screening phase and the defendants have neither been served nor made an appearance.  28 U.S.C. § 1915A; Fed. R. Civ. P. 4, 12.  A determination that Plaintiff is entitled to equitable tolling is premature at this juncture and Plaintiff's request for that form of relief is denied.  *See e.g.*, *Pesnell v. Arsenault*, 543 F.3d 1038, 1042 (9th Cir. 2008) (equitable tolling ordinarily not amendable to resolution on a 12(b)(6) motion because courts must determine factual matters); *McDonald*, 45 Cal.4th at 102 (discussing elements of California's equitable tolling doctrine).

Plaintiff's request for a ninety-day extension of time, however, is supported by good cause. Fed. R. Civ. P. 6(b)(1)(A).  Conservation of the Eastern District of California's scarce judicial resources is best served by allowing Plaintiff the opportunity he seeks to explore merging his claims with one of the pending multi-plaintiff cases, which would result in the dismissal of this individual case.  *See Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (courts have broad discretion to control course of litigation).

///

///

---

[1] The exhaustion requirement is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007), and a plaintiff who files suit prior to exhaustion does so prematurely and risks dismissal, *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014) (citing *McKinney v. Carey*, 311 F.3d 1198, 1200-1201 (9th Cir. 2002)).

[2] California's personal injury statute of limitations is two years, Cal. Civ. Proc. Code § 335.1, and prisoners serving a term of less than life are entitled to toll the statute of limitations for two years, Cal. Civ. Proc. Code § 352.1.

1       Accordingly, Plaintiff's first motion for an extension of time, filed on June 6, 2014, is

2   STRICKEN, and Plaintiff's second motion for a ninety-day extension of time to amend, filed on

3   June 27, 2014, is GRANTED.

4
    IT IS SO ORDERED.
5

6       Dated:   **July 1, 2014**                       **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28